**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JAMES MAGEE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **Civil Action No.** |
| **VS.** | § | |
| | § | **This is a capital case** |
| **DARREL VANNOY, Warden,** | § | |
| **Louisiana State Penitentiary** | § | |
| **Angola, Louisiana.** | § | |
| | § | |
| **Respondent.** | § | |

**PETITIONER'S UNOPPOSED MOTION FOR
APPOINTMENT OF COUNSEL**

COMES NOW, JAMES MAGEE, an indigent, death-sentenced inmate, by and through undersigned counsel and pursuant to 18 U.S.C. § 3599(a)(2), moves this Court to appoint the Federal Community Defender Office for the Eastern District of Pennsylvania and private attorney D. Aaron Novod as counsel, all attorneys learned in the law applicable to capital cases. Mr. Magee submits the following as good cause for granting this Motion:

1.      Mr. Magee was convicted of first degree murder and sentence of death in the 22nd Judicial District, Parish of St. Tammany, Louisiana ("22nd District Court").  The trial court formally sentenced him to death on January 4, 2010.  The Louisiana Supreme Court affirmed his conviction on September 28, 2012.  *State v. Magee*, 103 So.3d 285, 2011-KA-0574 (La. 09/28/12).  The United States Supreme Court denied Mr. Magee's timely petition for a writ of certiorari on October 7, 2013.  *Magee v. Louisiana*, 571 U.S. 830 (2013).

2.      Mr. Magee filed a *Pro Se Application for Post-Conviction Relief and Request for Counsel* in the 22nd District Court.  The application was initially denied on October 31, 2013,

1

reconsideration was granted on November 27, 2013 and counsel was appointed.  A counseled post-conviction petition was filed on February 1, 2016, and an amended petition was filed on March 21, 2017.  Mr. Magee's counseled post-conviction petition was denied by the 22nd District Court on December 20, 2017.  After post-conviction relief was denied, Mr. Magee filed a writ, which the Louisiana Supreme Court granted in part and remanded for consideration of whether Mr. Magee was entitled to relief under *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). *State v. Magee*, 2018-0310 (La. Dec. 17, 2018), 2018 La. LEXIS 3486.  All other claims for relief were denied. *Id.*  On remand, the 22nd District Court denied relief on the *McCoy* claim on July 11, 2019.  Mr. Magee filed a subsequent writ, which the Louisiana Supreme Court denied on November 24, 2020. *State v. Magee*, No. 2019-KD-01778 (La. 11/24/20), 2020 La. LEXIS 2875. Under 28 U.S.C. § 2244(d), Mr. Magee must file his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court on or before approximately November 24, 2021.

3.     Section 3599, 18 U.S.C., creates "a mandatory right to qualified legal counsel" for death-sentenced individuals in state custody. *McFarland v. Scott*, 512 U.S. 849, 859 (1994); 18 U.S.C. § 3599(a).  Mr. Magee is entitled to the appointment of counsel, as section 3599 ensures that death-sentenced prisoners be provided with counsel throughout post-conviction and clemency proceedings.  Subsection 3599(a)(2) specifically provides:

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

4.      Mr. Magee requests that this Court appoint the Federal Community Defender Office ("FCDO") and Mr. Novod.  As described below, the FCDO and Mr. Novod are willing and able to provide Mr. Magee with qualified counsel.

5.      The FCDO has a Capital Habeas Unit with federal habeas capital litigators, investigators and paralegals who have extensive experience litigating federal capital habeas proceedings pursuant to 28 U.S.C. § 2254.  Leigh M. Skipper, the Chief Federal Defender for the Eastern District of Pennsylvania, is willing to accept the appointment for Mr. Magee.  He will assign attorneys responsible for Mr. Magee's representation from the Capital Habeas Unit in his office. That unit consists of attorneys who specialize in capital habeas corpus and post-conviction litigation.  The unit is supervised by Shawn Nolan.  Attorney Nolan has been licensed to practice in Pennsylvania since 1989 and has exclusively handled capital post-conviction cases for the past eighteen years.  He currently represents other death-sentenced prisoners in courts within the Fifth Circuit in their habeas litigation pursuant to 28 U.S.C. § 2254. Pursuant to judicial policy, which recommends that the Court make appointments in the name of the community defender organization, Petitioner requests that the court appoint the FCDO and permit Shawn Nolan to appear as counsel pursuant to Local Rule of the United States District Court for the Eastern District of Louisiana, Civil Rule 83.2.5. *Guide to Judiciary Policy*, Vol. 7A, § 440.

6.      The FCDO has been established by the Administrative Office of the United States Courts as a Community Defender Organization and is recognized as the Federal Defender Office for the United States District Court for the Eastern District of Pennsylvania.  Since 1995, the FCDO has received a sustaining grant from the Administrative Office of the United States Courts to represent death-sentenced prisoners in federal habeas corpus proceedings.  Because of its

sustaining grant, the FCDO will not request from this Court any funds for attorney fees, investigation or travel expenses, expert witness expenses (should expert witnesses be needed), or any other expenses.

7.      The FCDO has been appointed to represent petitioners in a number of capital federal habeas corpus cases arising in the Fifth Circuit.  *See e.g., Granger v. Davis*, 1:17-cv-00291 (E.D. Tex.); *Cole v. Davis*, No. 4:17-cv-00940 (S.D. Tex.); *Tabler v. Stephens*, No. 6:10-cv-00034 (W.D. Tex.); *Mullis v. Stephens*, No. 3:13-cv-00121 (S.D. Tex.); *Brewer v. Stephens*, No. 2:15-cv-00050 (N.D. Tex.); *Luna v. Stephens*, No. 5:15-cv-00451 (W.D. Tex.); *Balentine v. Stephens*, No. 2:03-cv-00039 (N.D. Tex.); *Daniel v. Davis*, No. A-17-cv-1069-LY (W.D. Tex.); *Gutierrez v. Davis*, No. 1:09-cv-00022 (S.D. Tex.); *Jackson v. Davis*, No. 4:15-cv-00208 (S.D. Tex.).  The FCDO also currently represents two federal capital post-conviction litigants in the District Court for the Eastern District of Texas, *United States v. Agofsky*, No. 1:07-cv-005111 (E.D. Tex.); *United States v. Ebron*, No. 1:08-cr-00036 (E.D. Tex.).

8.      Capital post-conviction litigation requires specialized knowledge and experience.  *See, e.g.*, 18 U.S.C. § 3599(d) (acknowledging the unique and complex nature of capital habeas litigation); *McFarland v. Scott*, 512 U.S. at 856-57 (noting that "this Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master" (*quoting Murray v. Giarratano*, 492 U.S. 1, 28 (1989)).  FCDO attorneys possess such specialized knowledge and experience.  Since 1995, the FCDO has represented scores of death-sentenced prisoners in federal district courts, the Courts of Appeals, and the United States Supreme Court.  Its capital lawyers have litigated five substantive cases before the United States Supreme Court: *Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Pace v.*

*DiGuglielmo*, 544 U.S. 408 (2005); *Beard v. Kindler*, 558 U.S. 53 (2009); and *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016).  Its lawyers have served on the faculties of death-penalty and/or habeas corpus training seminars for numerous organizations and entities including, *inter alia*, the Administrative Office of the United States Courts Habeas Corpus Training and Assistance Project, the National Institute for Trial Advocacy, the NAACP Legal Defense & Educational Fund, the American Bar Association Death Penalty Representation Project, the Pennsylvania Bar Institute, the National Association of Criminal Defense Lawyers, and the Pennsylvania Association of Criminal Defense Lawyers.

9.      In order to seek an appointment in the case. The FCDO has complied with the appropriate protocol of the Administrative Office of Courts regarding out-of-district appointments, and it has been approved by the Administrative Office to seek this appointment.  As part of that protocol, Chief Judge Owen of the Court of Appeals for the Fifth Circuit was notified and did not express any opposition to this request.

10.     Mr. Novod also possesses the requisite specialized knowledge and experience in capital post-conviction litigation.  He is licensed to practice in Louisiana and is admitted to the bar of the Eastern District of Louisiana, the Fifth Circuit Court of Appeals, and the United States Supreme Court.  Mr. Novod has represented clients at all stages of capital litigation in Louisiana for over 10 years.  He has experience representing clients in capital § 2254 proceedings in the Eastern District of Louisiana and in other federal district courts in Louisiana, and he has represented clients on appeal before the Fifth Circuit Court of Appeals and the United States Supreme Court. Mr. Novod currently represents four clients in ongoing capital § 2254 proceedings in Louisiana federal district courts.  Mr. Novod previously worked for the Capital

Post-Conviction Project of Louisiana, and he has presented at a death penalty training seminar for the Administrative Office of the United States Courts Habeas Corpus Training and Assistance Project.

11.     Mr. Novod, as private, appointed CJA counsel, will be compensated for his attorneys' fees and expenses pursuant to 18 U.S.C. § 3599(g)(1).  There will be a division of responsibilities and duties among counsel appointed on the case, and counsel will make every effort to insure that there is as little as possible overlap of their responsibilities and duties in the case. In anticipation of the need for and appointment of counsel in this capital § 2254 proceeding, Mr. Novod, began his initial review of the case on December 15, 2020 and seeks appointment *nunc pro tunc* to that date.

12.     Additionally, Mr. Magee's state post-conviction counsel, Charlotte Faciane and Naila Campbell, have indicated that their current caseloads prevent them from representing Mr. Magee in federal habeas proceedings.  Claude Kelly, the Federal Defender for the Eastern District of Louisiana, has indicated that his office is unable to accept an appointment at this time and supports the appointment of both the FDCO and Mr. Novod.

13.     The appointment of both the FDCO and Mr. Novod is necessary to this capital § 2254 proceeding.  According to the *Guide to Judiciary Policy*, Vol. 7A, Ch. 6, § 620.10.20(b), applicable to death penalty habeas corpus proceedings and the appointment of counsel for indigent, death-sentenced inmates, "[d]ue to the complex, demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing at least two attorneys." Mr. Novod's participation is critical given his familiarity and experience with capital litigation in

state and federal courts in Louisiana.  Additionally, Mr. Novod is located in New Orleans and is therefore able to regularly visit with Mr. Magee at Louisiana State Prison at Angola, Louisiana.

The attorneys of the FCDO's Capital Habeas Unit and Mr. Novod are well qualified to undertake the representation of Mr. Magee pursuant to 18 U.S.C. § 3599, and they are willing to accept appointment.

WHEREFORE, for the foregoing reasons, Petitioner  James Magee respectfully prays that this Court appoint the Federal Community Defender Office and Mr. D. Aaron Novod, and appoint Mr. Novod with a *nunc pro tunc* date of December 15, 2020, to represent him in his federal capital habeas corpus proceedings before this Court. A proposed order is attached.

Respectfully submitted,

JAMES MAGEE
DOC No. 559701


/s/ Shawn Nolan
Shawn Nolan, PA Bar No. 56535
Chief, Capital Habeas Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Shawn_Nolan@fd.org

D. Aaron Novod
Law Office of D. Aaron Novod
P.O. Box 740985
New Orleans, LA 70174
Telephone: (504) 913-3746
Facsimile: (347) 344-6222
aaron.novod.esq@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served on Matthew Caplan, Assistant District Attorney, 22nd Judicial District Court, 701 N Columbia Street, Covington, LA 70433, by U.S. mail on January 22nd, 2021.

/s/ Shawn Nolan
Shawn Nolan